United States v. Richards Mr. Ruzzo, good morning. Good morning, Your Honors. May it please the Court, my name is Bill Ruzzo and I represent Mr. Richards on this appeal. And I would like to save three minutes of my time. Fine, fine. As you can see, we had a question, a particular question in this case. Excuse me, Your Honor? We had a particular question in this case. You did. So, please go ahead. Your Honor, I was addressing that question first because we, of course, need the standard of review or the deference due to the Court in order to review the issue. But first let me tell you that I think that no matter what standard of review this Court uses, Mr. Richards should prevail because by any standard, I don't think he's a high government official. But having said that, in the circumstances of this particular case, Your Honor, where none of the facts are in dispute, it is only the interpretation of the law and the application of the law to those facts. Did the district court in the first instance identify the correct legal rule that is within the guidelines to which he then applied facts? Is there any dispute about that from you? As far as what he was deciding, what the district court was deciding as a fact, as whether Mr. Richards was a high government official and whether he identified the correct. Did he identify the correct legal rule to apply to the issue of whether or not Mr. Richards was a high government official? Yes, I believe he did, Your Honor. Okay. He used the definition, correct? Excuse me, Your Honor? He used the definition of high-level decision-making with sensitive positioning. Yes, he did. That's correct. So does that mean then that what this case is about is the application of the guidelines, the rules, to the particular facts of Mr. Richards' case? Exactly. With respect to whatever the standard of review is, we all agree. Exactly how Your Honors framed the question that asked us to address in their brief letter. And we think he applied the facts as opposed to the law, as opposed to the cases. All right. How is he wrong? We have the definition here that it means a position characterized by a direct authority to make decisions for or on behalf of a government department, agency, or other government entity, or by a substantial influence over the decision-making process. And that really was the key to his reasoning. Was it not, the substantial influence? That's correct, Your Honor. All right. How was that incorrect? It's incorrect because, first of all, Doug Richards was about two or three levels removed from the decision-maker. Doug Richards, and if you would look at, as the Court did, the organizational chart reported to a deputy clerk and then the chief clerk, who then reported to the county commissioners. But the definition isn't framed in terms of reporting. It is in terms of influence. And wasn't there, weren't there facts to reflect that he could make recommendations and influence what happened with his, I mean, he's a department head, correct? Yes, he was, Your Honor. He did report to others, but he could exert substantial influence over the decision-making process. Could he not? I disagree with that, Your Honor. What about the job description that appears in the record? There was no dispute from Mr. Richards as to the correctness of that job description or its application to him, was there? There was no dispute. There was an explanation from Mr. Richards at the sentencing hearing about what he actually did and to whom he. Well, so, I mean, isn't the job description a piece of evidence, a significant piece of evidence? It's a piece of evidence. That the district court could have and did rely upon. I'm not disputing the job description, nor did we at the sentencing hearing, Your Honor. And it says, among other things, that the individual here, it identifies him as a human resources officer, but there's no dispute that what was being discussed or what was being described was the director of human resources. It says, in part, he provides leadership and oversight of all personnel department functions. Leadership and oversight. That's correct. He had oversight. He could report things that were not according to policy. He could report. But the question, as Her Honor asked me a few moments ago about substantial influence, Doug couldn't exert substantial influence. He could recommend. There's no question about that. But the commissioners hired and the commissioners fired. If Doug would discharge someone, it would be at the bidding of the commissioners. And I think I either mentioned at the suppression hearing, or I'm sorry, the sentencing hearing, that Doug could recommend. He would interview three or four people. He would put out ads for jobs. People would apply. Doug would interview someone. He would interview a number of people. He would recommend to the commissioners three or four people whom he thought were qualified, and the commissioners would make the decision. But they would pick from his recommendations. So whatever he did had an influence. Now, the definition also says, includes as an example, an agency administrator. So it doesn't say the head of an agency, which he actually was, the head of a department. Isn't this the kind of situation that, in Buford, the Supreme Court talked about who should be making decisions of this type? And the types of decisions where they're not recurring, they're very fact-based. And where, you know, a judge who is sentencing, who hears the testimony and has it firsthand, is perhaps more equipped than we would be one step removed. Shouldn't we owe some deference, whether you call it a clearly erroneous standard or an abuse of discretion standard? Shouldn't we give some sway to the district court in terms of deciding whether this is exerting substantial influence and whether this fits? If that district court is finding facts, I think we don't owe deference. When the district court would be finding facts, Your Honor, we owe some deference. But here, the district court wasn't really finding a fact. The district court was coming to a conclusion based on some facts, which are not disputed. But wouldn't that at least be an abuse of discretion standard as compared to totally de novo? I mean, the case law in this area talks about de novo as where we have, you know, legally, you know, terms that are legally laden. Here we have the concept of influence. And influence is more a factual matter and you kind of know it when you see it as compared to, you know, negligence or recklessness or, you know, moral turpitude or something of that kind. Well, Your Honor, I think that we know it where we see it is not a factual determination. That's based on some facts and it's based on, in the quote to which we're referring, it's based on some gut feeling. But if you look at the cases that I cited in my brief where they were held, where the courts have held in other circuits that the individual at issue was not a high government official, those people exerted much more influence than Doug Richards could ever influence the one, an alter, that one individual had the power to grant the freedom to people in jail. But that's not the test. It's not the test of, you know, how much influence. It's more how much is enough as compared to if someone has lots, that, you know, sets a low bar, if you will. So the fact that he had influence and that the district court viewed it as being an agency administrator. I mean, under the examples, a juror as a public official with a sensitive position, you know, qualifies. Well, the juror certainly, Your Honor. The influence that an individual juror would have over absolute influence over someone's, in a criminal context, over someone's freedom is certainly more influence than Mr. Richards had over a mere recommendation for someone that he interviewed and the commissioners had the absolute power to reject the three and say send us three more. I don't believe that's substantial influence as someone in Stevenson, I cited in my brief, who had power over export and import licenses worth millions of dollars. I think the one bribe was a Mercedes. That's power. If I could return to the standard of review, is the determination that we are reviewing here a mixed question? Is it somehow a mixed question of law and fact? Ordinarily, I would say that, Your Honor, but in this particular case, the facts are not in dispute. It is only the interpretation of the facts. There was some testimony at the hearing, the judge agreed at the end of the testimony that he would disregard that testimony and not use that in coming to his decision. That was what the testimony of the FBI agents, it was essentially opinion testimony. I read the transcript and it did seem a little thin, but the judge explicitly set that aside. He set that aside. He was asked by the prosecutor, in fact, to make that plain, and the court did make that plain. That's correct. I was, to put it mildly, I was a little bit in shock when they came up and testified, Your Honor, and asked them what their legal training was, if you saw the thing. And they actually called someone from Luzerne County and asked what that person thought, too. But I think in this particular case, we're just looking at a set of facts that everyone agrees upon, Your Honor. Well, but in other cases, let's take United States versus Zats. We held that the vulnerable victim determination was subject to a clear error standpoint. Now, there are no disputes of fact as to what the victims were like in terms of their circumstances. They were old, they were not capable of handling their own affairs, et cetera, et cetera. There were no disputes about the facts. But we held that the determination of whether they then could be deemed vulnerable victims, whether they fit within that category, was a clear, would be a clearly erroneous standard, and we would defer somewhat to the sentencing court. How is that different from here when we know what he does, how he does it day in, day out, and whether that fits within the substantial influence over decision-making? I think the distinction there is when you're looking at vulnerable victims, you have something that's really, the facts really have to be examined. Here, you have a chart and you have a job description. Well, no, but you know what he does. He makes a recommendation, he does this. I mean, there's a little more than just a chart and a job description, isn't there? And what I think should be done, Your Honor, is that deference should be given to the fact-finding where the district court's really in position. And traditionally, that's what the person does. But the conclusion, I believe, has to be subjected to some kind of a de novo review or error of law. We do that every day on sufficiency of evidence, what I do day to day, sufficiency of evidence. There's a fact-finding, an agree-upon fact, I should say, and we're saying this is the standard. We take everything into consideration in favor of the verdict winner as we do in a summary judgment. But abuse of discretion doesn't give, you know, leave us powerless to affect the result, just like sufficiency of the evidence. But as with sufficiency of the evidence, the idea of abuse of discretion puts a little bit of a higher bar. And we can overturn something based upon the sufficiency of the evidence, but only if it's really outside the realm. And if, you know, looking at it in the light most favorable of the government, no reasonable juror could determine it. So while abuse of discretion is almost a lower standard, we can say, I mean, if there was no evidence here and no chart and all you knew was this gentleman had a title, then you'd probably say it was abuse of discretion to find that he had substantial influence over decision-making. So there are ways in which we can cabin what the district court does. But de novo would mean we totally, you know, decide entirely for ourselves. Well, you will recall I thought that we, that Doug Richards should prevail under either an abusive, under any standard I think Doug Richards should prevail because I believe he did not, by any definition, exert substantial influence. He did have influence, there's no question, because he could select out of a number of applicants, for example, he could narrow the field. But whether that is substantially influencing the three commissioners who are always at odds anyway, and there's a minority and majority faction, so as a matter of fact, that particular recommendation carries some influence certainly, but as to substantial influence, it does not, Your Honor. Good. Thank you. We'll hear from the government on this matter. Mr. Hauser? Your position, I'm sorry, Mr. Hauser, you've got to identify yourself. May it please the Court, William Hauser on behalf of the government. Your position is that clearly erroneous is the proper standard here? That's correct, Judge. All right. And is there a further step or is that the only step? Judge, I think it's our position that that's the only step. Raise that up. Thanks. It's the government's position that that's the only step in this particular case. And after, in preparation for the argument, there was something I thought should be discussed in addition to the supplemental brief that the Court requested, and that is this. The supplemental brief refers to Section 3742E. And I would suggest to the Court that there's been quite a bit of confusion about that section after Booker, because in Booker the Supreme Court excised portions of Section 3742E. In fact, in this Court's opinion in Greer, the Court addressed the fact or believed, and I have the language here, that the sections of 3742E that we're talking about here, this section relating to the deference that's due and the clearly erroneous standard, the Third Circuit indicated that that was gone after Booker. And this is what the Third Circuit had to say about that, that the Supreme Court in Booker excised Section E of 18 U.S.C. Section 3742, the provision of the United States Code to define the appropriate standard of review for issues relevant to sentencing. It held that appellate courts should thereafter review the ultimate sentence for reasonableness, and unfortunately it did not specify whether the clearly erroneous standard should continue to apply to factual findings bearing on the advisory guidelines range. However, Greer was decided in February of 2007, and then in June of 2007, the Supreme Court decided the Rita case. And there's a concurring opinion in Rita written by Justice Stevens, I think, but I'll just make that clear. Yes, it's Justice Stevens. And Justice Stevens indicates in Rita that Booker excised the portion of Section 3742E, that directed courts of appeals to apply the de novo standard. There are some citations which I'm omitting. Critically, we did not touch the portions of Section 3742E, requiring appellate courts to, quote, give due regard to the opportunity of the district court to judge the credibility of the witnesses, application of the guidelines to the facts, end of quote. So I think it's important to note that the Supreme Court has clarified that to some extent, that we're not dealing with a situation where all of Section 3742E is gone. And I think that's important because that suggests that the precedent that has been decided relating to that particular provision in those provisions in Section 3742E is still valid, and there has been quite a bit of it. So I just wanted to clarify that. Are you suggesting that we should clean up our jurisprudence a bit, maybe? No, Your Honor, but I would suggest that. I'm not using that in a pejorative sense, but do you think it's necessary for us to make a restatement or a statement? Well, I had the sense that maybe that's what was going on here when I saw the Court's letter. And if you look at the cases across the circuits, they seem to be very different. And some circuits have adopted a uniform de novo standard as to application of the guidelines to the facts. And it seems to me that the jurisprudence that exists, including the Buford case, the Brown case, the Toupon case, that jurisprudence suggests that there is this sliding scale that applies. Does it matter that Brown was not a sentencing case? I think it's persuasive, because the opinion — You think the reasoning of Brown is persuasive? The reasoning is persuasive, yes. And I do note that it's not a sentencing case. I cited it with a CF citation for that reason, but I think it's very persuasive. The discussion on what it is about certain cases that puts the District Court in a much better position to be the judge of the facts and to be given more deference in the case. So you think, in that context, we got it right in Brown? Yes. What about Toupon? Do you think Toupon was, please, without any deference at all, did we get it right in Toupon? With the abuse of discretion standard? There was no real discussion in Toupon about that. However, for the reasons I think cited in my letter brief, I think it is the right result, because there was this added dimension of the fact that the Court had misunderstood the applicable guideline. And so I think that was the appropriate standard in that particular case. Does abuse of discretion and clearly erroneous, are they really going to be that different in these types of cases? For instance, in the vulnerable victims or in this situation, you look at it, District Court reasoned through it.  So, not clearly erroneous, not an abuse of discretion. Where would the difference in the standards make a difference in the outcome? I think that the clearly erroneous standard is a slightly more deferential standard. And I have a definition from some past cases. The clearly erroneous standard requires, quote, a finding of fact is clearly erroneous when, after reviewing the evidence, the Court of Appeals is, internal quote, left with a definite and firm conviction that a mistake has been committed. And it seems to me it's so well established that with factual finding, that where a court makes findings of facts that we have clearly erroneous review of. It also seems to me that the type of question we're addressing here, this high-level decision-maker or high-level decision-making or sensitive position, also is very similar to other, at least one that, was cited in our brief. I think the Barry case, the organizer-leader decision that this court has held, is also subject to the clearly erroneous standard of review. There's a little bit of a shading of a difference. If someone, when you see what they did, did they organize, did they lead? Okay, they did. That's almost a finding of fact that says, yes, they were an organizer-leader. Here, it's a little different. He did X, he did this, he did this. Does that fit? You're not finding as a fact that his recommendations were accepted by decision-makers. You know, if that was the test, were his recommendations accepted by decision-makers? Okay, that did happen. You're finding that as a fact. But here you're saying, okay, here's what he did. Does that fit within a, is that a substantial influence? Isn't that a little bit different? And wouldn't that be more of an abuse of discretion standard in finding that this description of this fact fits within a different term that is descriptive as compared to factual? I think in this particular case, that something of importance is something that Mr. Ruzzo raised during the sentencing proceeding, which is this. Here's Mr. Brace, who is above Mr. Richards on the organizational chart. Nevertheless, the judge had to decide what was the level of influence that Mr. Richards possessed in connection or in relation to what Mr. Brace possessed. The judge had access to those two pre-sentence reports. This court doesn't have access to those two pre-sentence reports. So the judge in this case had to decide, you know, in relation to this particular county government and this particular defendant's role in that government, what was his position? What was the level of his influence? But more to my point, isn't that more a stepping back from the facts? We find this is what he did. But to determine that it then constitutes substantial influence, to me, is a little bit different from fact-finding. It is saying, okay, I know what he did. These are the facts. Okay, now I'm a judge. I've got to determine whether that is substantial influence. And I do that. And I'm thinking maybe that's entitled to a little less deference, that that's more an abuse of discretion than clear error. It's very fact-driven because, you know, I think the sentencing transcript makes clear there were a lot of people... It's fact-driven, but it's not factual. Where as organizer and leader, did he organize, did he lead? I don't know. I'm arguing with myself. I think that the way I worded it in the letter to the court was something like closely driven by the facts. And, you know, I think it's a matter of degree here. And that could be that in abuse of discretion, when it is going to be closely driven by the facts, we probably would find it less, we'd need more to say it was abusive. I would suggest, too, that the case law where the abuse of discretion standard has been applied seems to have some element of the law mixed in as well. So, for example, the Buford case that discussed this judicially created interpretation of the guideline. And maybe if someone needs to be found to be a fiduciary or something like that, and you know what they do, and then to determine that they're a fiduciary, that might fit within your situation. After the district judge makes a finding in a case like this, do we move to reasonableness? For the sentence itself? Or are we talking about the application? No. Let's assume once he makes the finding that the person's a leader or organizer or, you know, was a substantial, played a substantial role, whatever, do we then go to reasonableness? I think reviewing the sentence itself, if that is Your Honor's question, meaning that the answer would be yes. Whether the sentence imposed itself is reasonable, I think would be the question under Booker and its progeny. The review of the sentence itself is a separate question from application of the guidelines to the facts of the case, and that would be the government's position. Any other questions? Good. Thank you very much, Mr. Musil. All right. Thank you, Judge. Mr. Musil? Rebuttal? Your Honor, I don't believe I need any rebuttal unless the Court has questions for me. Any questions? Good. The case was very well argued. Both of you presented the significant issues, both in terms of the standard of review and also in the application in this particular case. We thank counsel very much. Absolutely. Yeah. We'll take the case under advisement. We'll take a short recess at this time.